UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
ALEXA MACALUSO

on behalf of herself, and those similarly situated,


           Plaintiffs,

v.

JZJ SERVICES, LLC d/b/a SPA JOLIE,
and JODI PERSKIN KAUFFMAN jointly and severally,

           Defendants.

------------------------------------------------------------------------------x

**No.:**

<u>CLASS AND
COLLECTIVE ACTION
COMPLAINT
WITH JURY DEMAND</u>

        Plaintiff Alexa Macaluso hereafter ("Plaintiff"), individually, and upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## **NATURE OF THE ACTION**

        1.      This lawsuit seeks to recover damages for Plaintiff, and similarly situated class and collective action members, resulting from Defendants' (hereafter "Defendants") willful violation of state and federal wage and hour laws since at least on or about February 18, 2017, in violation of the Fair Labor Standards Act ("FLSA") and since at least on or about February 18, 2014 in violation of the New York Labor Law ("NYLL").

        2.      Further this lawsuit seeks to recover damages to Plaintiff from Defendants' discrimination, wherein Defendants unlawfully terminated her employment on account of her perceived disability.

        3.      Finally, Plaintiff complains of Defendants aiding and abetting client sexual harassment and./or subjecting Plaintiff to a sexually hostile work environment by being required to suffer sexual harassment as a term and condition of her employment in late 2018.

4.     Plaintiff brings this action on behalf of herself and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§201 *et seq.* of the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

5.     Plaintiff also brings this action on behalf of herself and a class of similarly situated current and former employees pursuant to FRCP Rule 23, who have been deprived of lawful wages by Defendants in the relevant period.

6.     Plaintiff also brings an individual claims of disability discrimination and sexual harassment under the local discrimination law.

## JURISDICTION AND VENUE

7.     Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims and Plaintiff's individual claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution and are properly before this court pursuant to 28 U.S.C. §1367.

8.     As stated below, Defendant Spa Jolie is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

9.     Upon information and belief, Defendant Spa Jolie is subject to personal jurisdiction in the State of New York since it is located in New York County, State of New York.

10.     Venue is proper in this District because Defendant Spa Jolie conducts business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

## PLAINTIFF

Plaintiff Alexa Macaluso

11.    Plaintiff Alexa Macaluso ("Plaintiff") is an adult individual who is a resident of Putnam County, State of New York.

12.    Plaintiff is a licensed manicurist with over two decades' experience.

13.    Plaintiff was employed by Defendants from May 2006 to on or about November 7, 2019.

14.    At all times relevant Plaintiff was defendants' employee within the meaning of the FLSA and NYLL 29 USC 203(e); NY Lab. Law 651(5).

## DEFENDANTS

Corporate Defendant

15.    Defendant JZJ Services, LLC (hereafter  "JZJ Services" or "Defendant JZJ Services") is a limited liability company created under the laws of the state of New York and doing business as Spa Jolie (hereafter "Spa Jolie").

16.    At all relevant times, Defendant JZJ Services owned and operated a nail salon located at 180 7th Ave S. New York, NY 10014 doing business as Spa Jolie.

17.    Upon information and belief, Defendant JZJ Services at all relevant times was an employer of Plaintiff who worked at Spa Jolie as defined by FLSA and NYLL. In particular, Defendants at various times paid Plaintiff with checks from JZJ Services, LLC.  Plaintiff also received W2 forms from JZJ Services, LLC.

18.    Defendant Spa Jolie has been at all times relevant engaged in commerce within the meaning of the FLSA.

19.    Upon information and belief, Defendant Spa Jolie is an enterprise whose annual

gross volume of sales made, or business done, is in excess of $500,000. Specifically, Defendant Spa Jolie is a popular spa and nail salon located in Manhattan's West Village employing approximately forty (40) employees, and operating spa and manicure services seven (7) days a week in a multilevel facility. Based on Plaintiff's personal knowledge of Defendant Spa Jolie's business, including knowledge that employees performed services totaling between $250 and $400 per day and that twenty to thirty (20-30) employees performed work on any given day, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

20.    Upon information and belief, as well as first-hand knowledge of Plaintiff, a former employee of Defendants, Defendant Spa Jolie regularly conducted interstate business. Specifically, Defendant Spa Jolie has regularly accepted credit card payments debiting funds from out-of-state bank accounts. In addition, Defendant Spa Jolie stocked and used manicure and other spa products from out of state.

21.    Further at all times relevant, Defendant Spa Jolie was an employer within the meaning of the FLSA, the NYLL and the NYCHRL.

<u>Individual Defendant—Jodi Perskin Kauffman</u>

22.    Defendant Jodi Perskin Kauffman (hereafter "Defendant Perskin Kauffman") on information and belief, is a resident of Richmond County, New York.

23.    Defendant Perskin Kauffman at all times relevant to this complaint has been the owner and manager of Defendant Spa Jolie.

24.    Upon information and belief, Defendant Perskin Kauffman is or has been an officer of JZJ Services.

25.    Upon information and belief, Defendant Perskin Kauffman is or has been a member of JZJ Services.

26.     Defendant Perskin Kauffman has signed Plaintiff's paychecks from the account of JZJ Services.

27.     By virtue of her position, Defendant Perskin Kauffman is personally liable for all debts, wages or salaries due and owing to the Plaintiff, for services performed by her for JZJ Services, pursuant to N.Y. Bus. Corp. Law § 630(a).

28.     Defendant Perskin Kauffman owned, controlled and managed operations at Defendant Spa Jolie at all times relevant. She has the powers and/or has exercised the powers to hire and fire Plaintiff and similarly situated persons. She interviewed and hired new applicants. She had the power to set Plaintiff's rate of pay and signed their paychecks for work at Defendant Spa Jolie. Defendant Perskin Kauffman had the power to set the schedules of employees and maintain employee records.

29.     As such, Defendant Perskin Kauffman is Plaintiff's employer as that term is defined by the FLSA, the NYLL, and the NYCHRL.

30.     Defendants jointly employed Plaintiff at all times relevant to this complaint, as the defendants are engaged in activities performed for a common business purpose as defined by FLSA, 29 U.S.C. § 203(r).

31.     Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

32.     Defendants have had control over all employment practices at Defendant Spa Jolie including wages, scheduling and the hiring and firing of employees.

## STATEMENT OF FACTS

33.     Plaintiff was initially hired by Defendant Perskin Kauffman to perform licensed manicure and pedicure services as well as waxing.

34.     As a licensed manicurist for Spa Jolie, Plaintiff was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

<u>Plaintiff's Hours Worked From 2014- 2016</u>

35.     From on or about January 7, 2014 to on or about December 31, 2016, Plaintiff worked seventy-two (72) hours a week for Defendants.

36.     Plaintiff worked from 10 a.m.to 10 p.m. Tuesday to Sunday and was off on Monday.

37.     During this period, Plaintiff was paid $300 per week in cash for all hours worked.

38.     Thus, Plaintiff was paid a straight time rate of $4.17 per hour for each our worked.

<u>Plaintiff's Hours Worked From January 2017 – January 2019</u>

39.     From on or about January 1, 2017 to on or about January, 2019 Plaintiff worked fifty (50) hours a week for Defendants.

40.     Plaintiff worked for Defendants from 12p.m.-10 p.m. Wednesday to Sunday.

41.     Plaintiff was off on Monday and Tuesday.;

42.     Plaintiff was paid $360 per week for all hours worked in this period.

43.     Thus, Plaintiff was paid a straight time rate of_$7.20 for each hour worked in this period.

44.     Plaintiff was paid part  by ADP check, part by cash and part by personal check at various times in this period.

45.     Many of these checks did not list hours worked, even the payroll checks.

46.     At some point in this period Defendant Perskin Kaufmann went back to paying all cash and Plaintiff requested to be restored to payroll.

47.     In response, Defendant Perskin Kauffman refused, stating, "If I show too many girls I get in trouble… If I have less than 11 girls it's a small business."

48.     Thus at all times, Defendant Perskin Kauffman was aware of her obligations under the relevant wage and hour laws, and knowingly violated these obligations.

49.     Further, in or around January 2019, Defendant Perskin Kauffman was putting up a wage poster and explained that the minimum wage was $11.00. In response, Plaintiff asked to be paid $15 per hour and was told by Defendant Perskin Kauffman that she would not be paid at that rate.  Plaintiff stated not only  she, but all the employees, were entitled to a statutory raise from the subminimum wage payments they were receiving.

50.     Given Defendant Perskin Kaufmann's refusal to pay her lawfully,  Plaintiff left her employment with Defendants for approximately three weeks.

Plaintiff's  Hours Worked From February 2019-November 7, 2019

51.     On or about the  middle  of January 2019, Defendant Perskin Kauffman called Plaintiff and told her that customers had been asking for her and asked if she could return to work. Defendant Perskin Kaufmann promised Plaintiff that she would be paid $15 per hour but could not tell her coworkers as they were being paid at a lower rate.

52.     From on or about February 1, 2019, to on or about October 25, 2019 Plaintiff worked for Defendants for forty-two (42) hours a week.

53.     Plaintiff worked from 10 a.m. to 9 p.m. on Wednesday and Friday, and from 10 a.m. to 8 p.m. on Saturday and Sunday.

54.     Plaintiff was off on Monday, Tuesday and Thursday.

55.     Though Plaintiff had been promised by Defendant Perskin Kaufman that she would be paid at a rate of $15 per hour, Plaintiff was only paid $525 per week for all hours worked.

56.    Thus, Plaintiff was paid a straight time rate of_$12.50 for each hour worked in this period.

## **FLSA RETALIATION**

57.    In September 2019, Plaintiff renewed her license at Workers United.  Thereafter, Defendant Perskin Kauffman treated Plaintiff in a negative and hostile manner.  Defendant Perskin Kauffman asked Plaintiff if she had told Workers United that she received breaks, to which Plaintiff said that she did not, because she does not actually get breaks and was not willing to lie on Defendants' behalf.

58.    Soon thereafter, on or about October 25, 2019 Defendant Perskin Kauffman reduced Plaintiff's hours to 31 hours per week by taking away her Wednesday shift.  Additionally, Defendants began to send Plaintiff home early on her Sunday shift at 6 p.m. instead of her regularly scheduled time of 8 p.m.

59.    Defendants continued to reduce Plaintiffs' hours so that she was only working one day per week by November 1, 2019.

60.    In response to the continued unlawful retaliation for making a truthful statement regarding breaks, on November 3, 2019, Plaintiff texted Defendant Perskin Kauffman stating "Stop taking my hr away…this is not legal or ok what you to people."

61.    On the heels of her protest of unlawful retaliation, Plaintiff was fired.

62.    Specifically, on November 8, 2019, Plaintiff arrived for her scheduled shift and was told by her manager that she was not on the schedule.  Plaintiff  tried to call Defendant Perskin Kauffman but she did not answer.  Plaintiff then went home without being able to work that day.

63.     Soon thereafter, Defendant Perskin Kauffman called and left a voice message on Plaintiff's phone saying she was "taking her off the schedule" and that she "didn't think it was going to work out."

64.     Thus, after Plaintiff requested that she be paid lawfully and stated truthfully that she did not receive breaks as required, she was subjected to FLSA retaliation in the form of reduction in hours and pretextual termination.

### DEFENDANTS' MINIMUM WAGE VIOLATIONS

65.     Both the FLSA and NYLL require that employees be paid a minimum wage. 29 U.S.C. § 206; N.Y. Lab. Law § 652.

66.     The federal hourly minimum wage during the times relevant to this action was after July 24, 2009: $7.25.

67.     The state hourly minimum wage during the times relevant to this action was:

- On and after December 31, 2013: $8.00 per hour;
- On and after December 31, 2014: $8.75 per hour;
- On and after December 31, 2015: $9.00 per hour;
- On and after December 31, 2016: $11.00 per hour;
- On and after December 31, 2017: $13.00 per hour; and
- On and after December 31, 2018: $15.00 per hour.

68.     At all times relevant Defendants paid Plaintiff less than the statutory minimum wage.

69.     At all times relevant Plaintiff received weekly payment, part by check and the balance in cash in an envelope.

70.     Defendants are not entitled to a "tip credit" under the FLSA or NYLL because Defendants never notified or informed Plaintiff of the tip credit provision and failed to maintain

records of tips received or allowances taken. For example, Defendants never gave paystubs to Plaintiff or any other statement listing any allowances claimed against the minimum wage.

71.     At no time did Plaintiff receive notice that Defendants intended to take the tip credit against her wages nor were the tips received recorded to ensure that Plaintiff received minimum wage.

72.     Upon information and belief, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours and wages, including any allowances claimed, deductions claimed or tips received by Plaintiff, in violation of the FLSA, NYLL and federal and state regulations. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6.

73.     Upon information and belief, during Plaintiff's employment at Defendant Spa Jolie, Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights as required under the FLSA and federal and state regulations or otherwise provide Plaintiff with information about her legal rights.

## DEFENDANTS' OVERTIME VIOLATIONS

74.     At no time did Defendants pay Plaintiff overtime.

75.     Upon information and belief, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's actual hours worked and wages, in violation of the FLSA, NYLL and federal and state regulations. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6.

## DEFENDANTS' UNLAWFUL TIP RETENTION

76.    At no time did Plaintiff receive notice that Defendants intended to take the tip credit against their wages nor were the tips received recorded to ensure that Plaintiff received minimum wage.

77.    Sometimes Plaintiff received tips in hand directly from customers.

78.    At other times, customers would provide Plaintiff's tips to the cashier when they paid their bill and Plaintiff had to rely on Defendants to hand over tips due to them.

79.    On information and belief, at all times relevant Defendants unlawfully retained part of Plaintiff's tips by failing to turn over all cash tips received by the cashier directly from customers for Plaintiff.

### DEFENDANTS' SPREAD OF HOURS VIOLATION

80.    On the days that Plaintiff worked eleven (11) and twelve (12) hour, Defendants never paid any additional compensation for working a "spread of hours" exceeding ten (10) hours per day to Plaintiff.

81.    Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten hours per day as required by the New York State labor regulations.

### DEFENDANTS UNLAWFUL TOOLS OF THE TRADE AND UNLAWFUL DEDUCTIONS

82.    Federal regulations prohibit employers from requiring a minimum wage employee to purchase the tools of their trade or give any money back to his or her employer. 29 C.F.R. §531.35.

83.    The NYLL prohibits employers from making any deductions from an employee's wages except those permitted by law. N.Y. Lab. Law § 193.

84.    Defendants required Plaintiff to purchase equipment at their own expense for use

in fulfilling their duties at Spa Jolie, including but not limited to nail clippers, nail cutters and cuticle cutters.

85.    The expenses described in the preceding paragraphs were exclusively for the benefit of Defendants and constituted de facto deductions from Plaintiff's wages.

## COMMON ALLEGATIONS

86.    The following common facts apply to the named Plaintiff, as well as all those similarly situated:

- At all times relevant, Defendants failed to provide Plaintiff and similarly situated persons with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

- At all times relevant, Defendants failed to provide Plaintiff and similarly situated persons with wage notices as required at their time of hiring violation of NYLL § 195(1).

- At all times relevant, Defendants have failed to pay Plaintiff and similarly situated persons in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

- At all times relevant, Defendants failed to pay Plaintiff and similarly situated persons at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

- At all times relevant, Defendants unlawfully failed to pay Plaintiff and similarly situated persons spread of hour pay for hours worked in excess of ten per day.

- At all times relevant, Defendants failed to provide Plaintiff with adequate meal breaks in violation of NYLL §§162 *et seq.*

87.     Defendants treated named plaintiff as a "tipped employee" to avoid paying the regular minimum wage. However:

- At all times relevant, Defendants failed to notify Plaintiff and similarly situated persons of defendants' intention to take a tip credit against their minimum wage obligations as required by 12 NYCRR 142-2.5(b) and 29 U.S.C. § 203(m).

- At all times relevant, Defendants failed to keep records of tip monies as required by NYCRR § 142-2.5(b) for Defendants' eligibility to take the tip credit.

- At all times relevant, Defendants unlawfully retained portions of Plaintiff's tips;

- At all times relevant, Defendants, by violating these provisions of law, were illegally taking the tip credit allowance under 29 USC 203 (m), 29 CFR 531.59, and 12.NYCRR  137-1.5.

## FLSA COLLECTIVE ACTION ALLEGATIONS

88.     Plaintiff brings her wage claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by Defendants at Spa Jolie between on or about February 18, 2017 and the date of final judgment in this matter that elect to opt in to this action. Such Plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

89.     Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

90.     At all times relevant to this complaint, and upon information and belief, Plaintiff and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had

substantially similar compensation provisions. Thus, the claims of Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

91.     Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

92.     Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

93.     Plaintiff and the FLSA Collective Plaintiffs who are or were tipped employees have been subject to Defendants' policies regarding tips described in this complaint, in violation of FLSA, 29 U.S.C. § 203(m) and NYLL.

94.     Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay for tools of the trade, such as tweezers and nippers in violation of 29 CFR §§531.3(d)(1) and (3), 531.32(c), and 531.35.

95.     For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from Defendants' records. Notice can be provided via first class mail to the last address known to Defendants for each of the FLSA Collective Plaintiffs.

## RULE 23 CLASS ALLEGATIONS

96.     Plaintiff brings her wage claims for relief pursuant to Rule 23 of the Fed. R. Civ. P., on behalf of all hourly workers employed by Defendants at Spa Jolie between the limitation period and the date of final judgment in this matter.

97.    All such persons shall hereinafter be referred to as the "Class." The Class members are readily ascertainable since the identity, addresses, time records, work schedules, positions and rates of pay for each Class member are determinable from the Defendants' records that were required to have been kept under FLSA and NYLL. Notice can be provided pursuant to Rule 23 of the Fed. R. Civ. P.

98.    Joinder of all Class members is impracticable since, upon information and belief, there are more than forty Class members. The exact number of Class members is presently unknown to Plaintiff since all facts and records necessary for precise calculation are in the sole possession and control of the Defendants. Because of the foregoing, it will benefit the parties to address their claims as a Class.

99.    The Plaintiff's claims are typical of those claims which could be alleged by any member of the Class. The relief sought by Plaintiff is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same policies and practices alleged herein including Defendants' failure to pay minimum wages, failure to pay overtime, and failure to provide wage statements and notices, as well as Defendants taking of unlawful deductions through retention of portions of Plaintiff's tips. The aforesaid policies and practices of Defendants similarly affect all Class members. Plaintiff and Class members have sustained similar injuries and damages as a result of Defendants' unlawful acts and/or omissions.

100.    Plaintiff is fit to fairly and competently represent and protect the interests of the Class.  For the purposes of this action, plaintiff has no interests that conflict with those of the Class. Plaintiff's attorneys have considerable experience in the field of employment litigation as well as class action litigation.

101.    Disposition of plaintiff's claims as a class action is superior to any other available means of adjudication for the foregoing reasons:

- Class members are low-wage workers who individually lack the necessary resources to effectively litigate against a corporate Defendant;

- A class action is in the interests of judicial economy as individual litigation would result in the expenditure of considerable public resources;

- Injuries suffered by each Class member individually are small in comparison to the cost of individual litigation, dissuading and precluding redress of their claims;

- The claims shared by Class members involve important public policy interests that would otherwise go unaddressed due to aforesaid barriers to and limitations of individual litigation, and;

- A class action will provide anonymity for those Class members whose fear of retaliation would otherwise dissuade them from asserting their rights.   Upon information and belief, some Class members are still employed by Defendants.

102.    Questions of law and fact are common to all Class members and predominate over those of any individual Class member, including:

- Whether Plaintiff and Class members were paid minimum wages;

- Whether Plaintiff and Class members were paid the required overtime rate of one- and one-half times their hourly rate for all hours worked in excess of (40) per workweek;

- Whether Plaintiff and Class members were paid spread of hours premiums;

- Whether Defendants complied with the record-keeping requirements of NYLL;

- Whether Defendants complied with the requirements for taking tip credits;

- Whether Defendants unlawfully retained tips to cover business losses, or otherwise unlawfully appropriated Plaintiff's tips;

- Whether Defendants had any method to keep track of the hours Plaintiff and Class members worked;

- Whether Plaintiff and Class members were afforded the required break time required under NYLL.

- Whether Defendants usefully required Plaintiff and Class members to pay for tools of the trade.

## CLASSWIDE FACTUAL ALLEGATIONS

103.    Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully.

104.    Defendants knew that the nonpayment of overtime would economically injure plaintiff and Class members and violate federal and New York State laws.

105.    Plaintiff and Class members regularly worked in excess of forty (40) hours per workweek.

106.    Defendants unlawfully failed to pay Plaintiff and Class members in accordance with minimum wage requirements of federal and state law.

107.    Defendants failed to provide Plaintiff and Class members with a statement with each payment of wages as required by §195 *et seq*. of the NYLL.

108.    Defendants unlawfully failed to pay Plaintiff and Class members at the overtime rate as provided by FLSA for all hours in excess of forty (40) in a workweek.

109.    Defendants unlawfully failed to pay Plaintiff and Class members the daily spread of hours premium for all for days worked in excess of ten (10) hours.

110.    Defendants violated NYLL § 195(3) by failing to furnish Plaintiff and Class members with a statement with every payment of wages, listing gross wages, deductions and net wages. In addition, defendants failed to furnish an explanation of how such wages were computed when Plaintiff requested such an explanation.

111.    Defendants violated NYLL § 195(1) by failing to provide Plaintiff and Class members with a yearly notice which includes rates of pay including straight time and overtime; how and when Plaintiff and Class members are paid; the official name of Plaintiff and Class members' employer and any other names used for business; the address and telephone number of the employer's main office or principal location; and allowances taken as part of the minimum wage, such as tip deductions.

112.    Defendants violated 12 NYCRR §142-2.5(b) by taking the tip credit against the minimum wage of ineligible workers.

113.    Defendants violated N.Y. Lab. Law § 196–d, illegally retaining portions of Plaintiff's and Class members' nightly tips by directly appropriating Plaintiff's and Class members' tips to cover business losses incurred through customer nonpayment.

114.    Defendants committed the foregoing acts against Plaintiff and members of the Class.

### PLAINTIFF'S INDIVIDUAL NYCHRL CLAIMS

### DEFENDANTS' FAILURE TO ACCOMMODATE PLAINTIFF

115.    On or about November 27, 2018 , Plaintiff underwent a biopsy for breast cancer.

116.    In advance of the procedure, Plaintiff requested a sick day to allow her some time to recover from her procedure.

117.    However, Defendant Perskin Kauffman refused Plaintiff's request and required her to come into work on her next scheduled shift.

118.    Plaintiff's doctor told her she needed two days of light duty following her biopsy to allow her to recover from the procedure.  Specifically, her doctor advised her against performing full body massages while the stitches were in.

119.    On or about November 28, 2018, when Plaintiff next returned to work, she informed Defendant Perskin Kauffman that she required light duty due to the biopsy for a limited period of time.

120.    Defendant Perskin Kauffman refused to give Plaintiff light duty and told her that she could leave if she could not do the job without restrictions.

121.    Further, Defendant Perskin Kauffman assigned Plaintiff to multiple full body massages back-to-back in retaliation for her request for light duty temporary accommodation, assigning plaintiff all such procedures requested by clients that day

122.    Plaintiff had never been assigned so many full body waxes previously.  Such procedures are physically taxing and require repetition of motions that were physically harmful to her in post-operative state.

123.    As a result of Defendant's action Plaintiff has suffered emotional distress.

### DEFENDANTS' AIDING AND ABETTING SEXUAL HARASSMENT AND CREATION OF A SEXUALLY HOSTILE WORK ENVIRONMENT

124.    Sometime in early November 2018,  Defendant Perskin Kauffman approached Plaintiff about doing massages. Plaintiff stated that she was not licensed.

125.    Defendant Perskin Kauffman then demanded that Plaintiff give full body waxes to men, including Brazilian waxes of their genitals. Plaintiff protested that she was afraid to be in

close quarters with men and to be touch their genitals. She was given gloves that were thin and would often break and she was afraid of infection in addition to her fear of sexual harassment.

126.    Indeed, Plaintiff was aware that previously a coworker had run out a massage room saying that a client had physically groped her and that she was fearing that she would be raped and wanted to call the police. The coworker was in tears  but Defendant Perskin Kauffman ordered her back into the room and stood by the door, ordering the employee to "finish what she started."

127.    Thereafter employees would complain that they were groped and subjected to sexual comments while doing male Brazilian waxes but Defendant Perskin Kauffman took no corrective action--she did not ban these customer--and she told her employees to ignore the harassment.

128.    In response to Plaintiff's reasonable fears, Defendant Perskin Kauffman told Plaintiff that she must do the Brazilian waxes pf men or she would fire her.

129.    Thereafter Plaintiff was ordered to give Brazilian waxes on two occasions where she was sexually harassed by the male clients, one client ejaculating on the table and both clients sexually propositioning her.

130.    After the first instance of sexual harassment, Plaintiff complained and Defendant Perskin Kauffman required her to keep doing the waxes and took no precautions to protect her employees from sexual harassment.

131.    Thus, while it was open and notorious that employees were subjected to sexual harassment by client and at all times  Defendant Perskin Kauffman aided and abetted such harassment.

132.    Moreover, Defendant Perskin Kauffman subjected Plaintiff to a sexually hostile work environment by requiring her to suffer sexual harassment as a term and condition of her employment.

133.    As a result of Defendant Perskin Kauffman's actions, Plaintiff has suffered emotional distress.

## FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.,* Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

134.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

135.    At all times relevant, each Defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

136.    At all times relevant, Defendants employed Plaintiff and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

137.    Defendants were required to pay plaintiff and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

138.    Upon information and belief, Defendants knowingly failed to pay plaintiff and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

139.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages for her unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

140.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

141.    Throughout the period covered by the applicable statute of limitations and upon information and belief, plaintiff and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

142.    At all times relevant, and upon information and belief, Defendants have repeatedly and willfully failed to pay plaintiff and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

143.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seek and are entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.,* Plaintiff on Behalf of Herself and Similarly Situated Class Members)**

144.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

145.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants knowingly paid Plaintiff and similarly situated persons less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

146.    Defendants did not pay the minimum wage for all hours worked by plaintiff and similarly situated persons.

147.    Upon information and belief, Defendants' failure to pay Plaintiff and similarly situated persons the minimum wage was willful within the meaning of the NYLL.

148.    Plaintiff and similarly situated persons seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

### (New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.,* Plaintiff on Behalf of Herself and Similarly Situated Class Members)

149.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

150.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants willfully and repeatedly failed to pay Plaintiff and similarly situated persons at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

151.    Plaintiff and similarly situated persons seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

152.    Plaintiff and similarly situated persons have been damaged in an amount as yet determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Plaintiffs on Behalf of Herself and Similarly Situated Class Members)**

153.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

154.    Defendants have failed to provide plaintiff and similarly situated persons with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

155.    Plaintiff and similarly situated persons have been damaged in an amount as yet determined, plus liquidated damages.

## SIXTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Plaintiff on Behalf of Herself and Similarly Situated Class Members)**

156.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

157.    Defendants have failed to provide plaintiff and similarly situated persons with wage notices as required at their time of hire in violation of NYLL § 195(1).

158.    Plaintiff and similarly situated persons have been damaged in an amount as yet determined, plus liquidated damages.

## SEVENTH CLAIM FOR RELIEF

**(FLSA Unlawful Tip Retention, 29 U.S.C. § 203(m) and 29 CFR 531.59, Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

159.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

160.    Throughout the period covered by the applicable statute of limitations, Defendants unlawfully treated workers it considered tipped workers in the various ways described in the

complaint. Under the circumstances, Defendants are not allowed to have taken any "tip credit" from any workers.

161.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, has been damaged in an amount as yet determined, plus liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF

**(Unlawful Deductions, NYLL §§ 193 & 196(d) Plaintiff on Behalf of Herself and the Similarly Situated Class Members)**

162.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

163.    Throughout the period covered by the applicable statute of limitations, Defendants unlawfully treated workers it considered tipped workers in the various ways described in the complaint. Under the circumstances, Defendants are not allowed to have taken any "tip credit" from any workers.

164.    Plaintiff and others similarly situated have been damaged in an amount as yet determined, plus liquidated damages.

## NINTH CLAIM FOR RELIEF

**(Spread of Hours Pay Violation pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Plaintiff on Behalf of Herself and Similarly Situated Class Members)**

165.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

166.    Defendants regularly and knowingly required plaintiff and similarly situated persons work in excess of ten (10) hours per day.

167.    Defendants knowingly, willfully, and intentionally failed to pay plaintiff and similarly situated persons one extra hour's pay at minimum wage for every day in which the interval between plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

168.    Because of Defendants' willful violation of the NYLL, Plaintiff and similarly situated persons are entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF

**(Recovery of Equipment Costs, Plaintiff on Behalf of Herself and Similarly Situated Class Members and the FLSA Collective Action Plaintiffs)**

169.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

170.    Defendants required plaintiff and similarly situated persons to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment required to perform their jobs, further reducing their wages below the minimum wage in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

171.    Because of Defendants' willful violation of the FLSA and NYLL, Plaintiff and similarly situated persons are entitled to recover from the Defendants, jointly and severally, all monies paid in furtherance of the Defendants' enterprise, plus liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF

### (FLSA Prohibition of Retaliation 29 U.S.C. § 215(a)(3), Brought by Plaintiff on Behalf of Herself)

172.    Plaintiff, on behalf of herself, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

173.    During the period covered by the applicable statute of limitations, Defendants retaliated against plaintiff for complaining about the FLSA violations.

174.    In retaliation for raising the issue of wages and lack of breaks, Defendants terminated Plaintiff's employment.

175.    As a result of Defendants' retaliation Plaintiff suffered and continues to suffer damages.

## TWELFTH CLAIM FOR RELIEF

### (New York City Human Rights Law: Unlawful Discriminatory Practices Brought by Plaintiff on Behalf of Herself Against All Defendants)

176.    Plaintiff repeats and realleges all the allegations in this complaint and specifically allegations as if set forth fully herein.

177.    Based on those allegations, Defendants discriminated and against Plaintiff on the basis of her disability and/or perceived disability, by failing to accommodate her and failing to engage in an interactive dialogue in response to her request for light duty.

178.    Moreover Defendant Perskin Kauffman personally assigned Plaintiff more onerous work and precisely the work forbidden by her doctor as retaliation for making a request for light duty.

179.    Due to Defendants' violation of the New York City Human Rights Law, Plaintiff is entitled to recover from Defendants damages in a sum to be determined by a jury.

## THIRTEENTH CLAIM FOR RELIEF

**(New York City Human Rights Law: Unlawful Hostile Work Environment/
Aiding And Abetting Harassment Brought by Plaintiff on Behalf of Herself
Against All Defendants)**

180.    Plaintiff repeats and realleges all the allegations in this complaint and the allegations as if set forth fully herein.

181.    Based on those allegations, Defendant Perskin Kaufmann personally subjected Plaintiff to a hostile work environment by requiring her to endure sexual harassment by clients in 2018 as a term and condition of her employment, and by aiding and abetting clients' sexual harassment by Defendant Perskin Kaufmann personally condoning such actions in violation of New York City Human Rights Law.

182.    Due to Defendants' violation of the New York City Human Rights Law, Plaintiff is entitled to recover from Defendants damages in a sum to be determined by a jury.

## RELIEF SOUGHT

**WHEREFORE**, plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and similarly situated class members, request relief as follows:

A.  Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B.  Designation of plaintiff as a representative of the FLSA Collective Plaintiffs;

C.  Designation of this action as a class action pursuant to Rule 23 of the Fed. R. Civ. P. for the purposes of the claims brought on behalf of Class members;

D.  An order declaring that Defendants violated the FLSA in the manners stated in this complaint;

E.  An order declaring that Defendants' violations of the FLSA were willful;

F.  An order declaring that Defendants violated the NYLL in the manners stated in this complaint;

G.  An order declaring that Defendants' violations of the NYLL were willful;

H.  An award of minimum wage compensation under the FLSA and NYLL;

I.  An award of overtime compensation under the FLSA and NYLL;

J.  An award of spread of hours premium under the NYLL;

K.  A declaration that, based on violations of law, Defendants were not entitled to the "tip credit" and an award of withheld tip compensation pursuant to the FLSA and NYLL;

L.  An award of liquidated damages pursuant to the FLSA;

M.  An award of damages for violations of NYLL;

N.  All penalties available under the applicable laws;

O.  Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

P.  An award of $10,000 in liquidated damages to Plaintiff for the retaliatory acts of Defendants pursuant to NYLL §215;

Q.  An order enjoining any further threats or retaliatory acts towards current employees of Defendants.

R.  An award of all damages recoverable under New York City Human Rights Law for Plaintiff.

S.  Interest as provided by law; and

T.  Such other relief as this Court deems just and proper.

## **JURY TRIAL**

Plaintiffs demand a jury trial for all causes of action for which they have a right to a jury trial.


Dated: New York, New York
       February 18, 2020


                              Respectfully submitted,

                              MIRER MAZZOCCHI & JULIEN, PLLC


                              By: Ria Julien
                              *Attorney for Plaintiff*
                              1 Whitehall Street, 16th Floor
                              New York, NY 10004
                              (212) 231-2235
                              rjulien@mmsjlaw.com