UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXA MACALUSO, *on behalf of herself, and those similarly situated*,

                Plaintiff,

v.

JZJ SERVICES, LLC d/b/a SPA JOLIE, and JODI PERSKIN KAUFFMAN,

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/12/2020

20-CV-1407 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Alexa Macaluso, on behalf of herself and those similarly situated, brings this action against Defendants JZJ Services, LLC and Jodi Perskin Kauffman (collectively, "Defendants") seeking redress for alleged unpaid compensation pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law (the "NYLL"). On August 11, 2020, the parties informed the Court that they had reached an agreement in principle to resolve Plaintiff's claims via settlement. Before the Court is the parties' application for judicial approval of their proposed settlement agreement.

    The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $25,000, which includes $8,333.33 in attorneys' fees. *See* Settlement Agreement at 1–2. Based on calculations that Plaintiff has submitted to the Court, Plaintiff estimates that she would receive approximately $111,674 in unpaid wages were she to recover in full. *See* Fairness Letter at 3–4. The proposed settlement agreement thus provides Plaintiff with approximately 22% of her maximum recovery amount.

The Court finds the amount to be paid to Plaintiff to be fair and reasonable. Although Plaintiff's recovery falls short of the maximum amount that she may have recovered at trial, it is significant as a percentage "in light of the legal and evidentiary challenges that would face [plaintiff] in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Guajardo v. Titan Construction Services LLC*, 19-CV-1551 (OTW), 2020 WL 1922642, at *2 (S.D.N.Y. Apr. 21, 2020) (finding that a plaintiff's recovery of 22% of alleged damages was reasonable given the risk of litigation). The risks of trial weigh particularly heavily here, as the number of hours that Plaintiff worked is disputed, and Defendants assert that Plaintiff is a tipped worker, and thus not entitled to any recovery. *See* Fairness Letter at 4.

Furthermore, Defendants face a risk of impending bankruptcy "in part due to the pandemic which required Defendants to close for several months and to operate at partial capacity into the future," which could hamper their ability to pay any judgment. *Id*. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *see also Ramirez v. Harishivji Inc.*, 19-CV-4172 (AT), 2020 U.S. Dist. LEXIS 67076, at *4 (S.D.N.Y. Apr. 16, 2020) (finding, in an action in which defendants represented that they would soon enter bankruptcy if the case continued, that "'[o]bstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiff[] might have recovered otherwise.'" (quoting *Villanueva v. 179 Third Ave. Rest Inc.*, 16-CV-8782 (AJN), 2018 U.S. Dist. LEXIS 116379 at *2 (S.D.N.Y. July 12, 2018))). Accordingly, the Court finds the parties' settlement amount to be reasonable under the circumstances.

The Court also approves the attorneys' fees set forth in the Settlement Agreement. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). Here, attorneys' fees total $8,333.33, approximately 33% of the settlement amount. *See* Settlement Agreement at 2. When using

a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The amount of the fee is therefore reasonable as a fair percentage of the net award.

Courts in this district routinely reject settlements that contain overly broad release provisions. *See Gurung*, 226 F. Supp. 3d at 228. The settlement before the Court releases only those claims related to Plaintiff's demands for unpaid wages or that "otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action." *See* Settlement Agreement at 2. The Court therefore finds that the release in the proposed settlement agreement is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to terminate item 21 on the docket and to close this case.

SO ORDERED.

Dated:   November 12, 2020
         New York, New York

_____
RONNIE ABRAMS
United States District Judge